IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW YORK



ORIGINAL
RECEIVED
JUL 20 2016
PRO SE OFFICE

---

JAMARD GRACE
   PLAINTIFF,

- AGAINST -

THE CITY OF NEW YORK; OF THE HCTF
SGT. PATRICK RODRIGO, IN HIS INDIVIDUAL CAPACITY
OFFICER MICHAEL DIAZ, IN HIS INDIVIDUAL CAPACITY
OFFICER JOHN CLINTON, IN HIS INDIVIDUAL CAPACITY
OFFICER ANTHONY CAROSELLE, IN HIS INDIVIDUAL CAPACITY
DET. JAY WOLSKY, IN HIS INDIVIDUAL CAPACITY
   DEFENDANTS,

---

COMPLAINT AND
DEMAND FOR
JURY TRIAL

CV 16 - 4244

MAUSKOPF, J.
BLOOM, M.J.

## PRELIMINARY STATEMENT

1). This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the defendant's commissions of acts under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

## JURISDICTION

2). This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C §§ 1983 and 1988.

3). Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1343(3) and (4).

## VENUE

4). Venue is proper pursuant to 28 U.S.C. §1391(b) in that **inter alia**, the events giving rise to the claim that occurred in the Eastern District of New York.

## JURY DEMAND

5). The Plaintiff demands a trial on each and every one of his claims as pled herein.

## PARTIES

6). Plaintiff Jamard Grace, is a citizen of the United States and a resident of New York.

7). Defendant: **THE CITY OF NEW YORK** (The "City") is a municipal corporation within the State of New York.

8). The New Yok City Police Department (the "NYPD") is the Department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all

relevant times. the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and Laws of the United States and the State of New York.

9). At all relevant times herein, Defendants SGT. PATRICK RODRIGO, OFFICER MICHAEL DIAZ, OFFICER JOHN CLINTON, OFFICER ANTHONY CAROSELLI AND DET. JAY WOLSKY (collectively, the "individual capacity defendants) were employed by the NYPD and were acting in the capacity of Agents, Servants and employees of the City, were Police Officers employed by the NYPD and each was acting in the capacity of Agent, Servant and employee of the City.

10). At all times herein, the individual defendants were acting under color of State Law in the course and scope of their duties and functions as Agents, Servants, employees and Officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The individual Defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, Agents and employess of the City of New York and incidental to the lawful pursuit of their duties as Officers, employees and Agents of the City of New York.

12). The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

(13). In the early morning hours of October 26, 2014, an incident took place involving an individual who was assaulted by an unidentified person. This issue is the underlying matter in which this complaint grows from. The individual that was assaulted was taken to the Hospital and after a month had passed, participated in a line-up. At the first line-up a month after the incident, she was shown hundreds of photos over a 3-4 hour time period. At some point after being led by defendants, she pointed out the Plaintiff. There is no record besides the account of the defendants that show how the individual that was assaulted, arrived at choosing the plaintiff, but there is reports that show on multiple occasions during identifications, including the line-up that proceeded to the physical line-up, in which the plaintiff was accompanied by his attorney at the NYPD Hate Crime Task Force Unit. The individual that was assaulted stated that she "wasn't sure if it (the plaintiff) was him. After the individual stated that, the defendant still proceeded to ask suggestive questions as it pertains to the plaintiff. While incarcerated on another matter from this one in the complaint and arraigned on those charges and held in custody. On May 2, 2015, a felony complaint was filed against plaintiff, charging plaintiff with assault in the Third degree and other elated charges. On March 4, 2016, the charges against plaintiff were dismissed for the District Attorney failed to prosecute the case.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. §1983 against the individual defendant's

(14). All other paragraphs herein are incorporated by reference as though fully set forth.

(15). By arresting, detaining, and charging the plaintiff, the individual defendant's engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983 to **inter alia**, be free from unreasonable searches and seizures, false arrest and imprisonment, and malicious prosecution.

### SECOND CAUSE OF ACTION
### 42 U.S.C. §1983 against the City of New York

(16). All other paragraphs herein are incorporated by reference as though fully set forth.

(17). Municipal liability for the violations of plaintiffs Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

(18). At all times material to this complaint, the defendant city, acting through the NYPD and the individual defendants, had de facto policies, practices, customs and usages which are a direct and proximate cause of the unconstitutional conduct alleged herein.

(19). At all times material to this complaint, The defendant city, acting through the NYPD and the individual defendants, had de facto

policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

WHEREFORE, the plaintiff requests that this court:

(1). Assume jurisdiction over this matter;

(2). Award compensatory and punitive damages to plaintiff against the defendants, jointly and severally;

(3). Award plaintiff reasonable costs, disbursements, and Attorney's fees; and

(4). Grant any other relief the court deems appropriate.

DATED:

Respectfully Submitted,

X *[signature]*
JAMARD GRACE