```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMARD GRACE,

                    Plaintiff,                                      MEMORANDUM AND ORDER
                                                                    16-CV-4244 (RRM) (LB)
          - against -

CITY OF NEW YORK; SERGEANT PATRICK
RODRIGO; OFFICER MICHAEL DIAZ;
LIEUTENANT JOHN CLINTON; DETECTIVE
ANTHONY CAROSELLI; DETECTIVE JAY
WOLSKY,

                    Defendants.
------------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Jamard Grace, *pro se*, commenced this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights under the Fourth and Fourteenth Amendments against defendants the City of New York (the "City"), and the New York City Police Department (the "NYPD"), as well as Sergeant Patrick Rodrigo, Officer Michael Diaz, Officer John Clinton, Officer Anthony Caroselli, and Detective Jay Wolsky (collectively the "Individual Defendants"). (Compl. (Doc. No. 1).) The defendants move to dismiss Grace's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim. (Mot. (Doc. No. 39).) Despite proper service, Grace did not file any opposition to the motion. (Def.'s Letter. (Doc. No. 43).)

For the reasons set forth herein, the defendants' motion to dismiss is granted. Plaintiff is granted 30 days to amend in accordance with the instructions set forth below. Should the plaintiff fail to re-plead in a timely fashion, the Court will enter judgment dismissing this action.

## BACKGROUND

The following facts are taken from the complaint and are considered true for the purposes of this Order. This cases arises from an allegedly unduly suggestive police photograph array and line-

up.  (Compl. ¶ 13.)  On the morning of October 26, 2014, an unidentified individual was assaulted.
(*Id.*)  One month later, the defendants[1] presented the unidentified individual with a photograph array
that included a photograph of Grace.  (*Id.*)  The defendants showed the unidentified individual
hundreds of photographs over a period of three to four hours, and "after being led by defendants,"
she eventually pointed to Grace's photograph and identified him as her attacker.  (*Id.*)  Subsequent
to the photograph array, the defendants brought Grace to a line-up procedure at which the
unidentified individual again pointed to Grace as her attacker.  (*Id.*)  Grace contends that at the line-
up, the unidentified individual told the defendants that she was unsure of whether Grace was indeed
her attacker, but that the defendants "proceeded to ask suggestive questions" that resulted in her
identifying Grace.  (*Id.*)  As a result of these events, Grace was charged with felony assault.  (*Id.*)
On March 4, 2016, the criminal charges were dismissed.  (*Id.*)

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) requires the court to examine the legal, rather than factual, sufficiency of a complaint.  As required by Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court considering a 12(b)(6) motion must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor."  *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted).  A complaint need not contain "'detailed factual allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  In other words, "[t]hreadbare recitals

---

[1] Grace does not identify at any point which defendants are responsible for specific allegations.

2

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The determination whether "a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007)).

While *pro se* plaintiffs must satisfy these pleading requirements, federal courts are "obligated to construe a *pro se* complaint liberally." *See Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009) (citations omitted). In other words, trial courts hold *pro* se complaints to a less exacting standard than they apply to complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (citation omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citation and internal quotation marks omitted). When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, however, the court should not hesitate to dismiss his claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

## DISCUSSION

The Court construes Grace's complaint to allege § 1983 claims for false arrest, malicious prosecution, and impermissibly suggestive identification procedures against the Individual Defendants, and a *Monell* pattern or practice claim against the City and the NYPD. Grace also

writes that the defendants violated his right to "be free from unreasonable searches and seizures," which the Court construes as a claim that he was unlawfully searched. (Compl. ¶ 15.)

## I. Individual Defendants

### a. False Arrest and Malicious Prosecution Claims

The existence of probable cause is an absolute defense to claims for false arrest and for malicious prosecution. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007); *Savino v. City of New York*, 331 F.3d 63, 68–69 (2d Cir. 2003). Moreover, "[w]hen information is received from a putative victim or an eyewitness, probable cause exists unless the circumstances raise doubt as to the person's veracity." *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (internal citations omitted); *see also Virgil v. Town of Gates*, 455 F. App'x 36, 38 (2d Cir. 2012) ("A victim's identification of an assailant is, by itself, sufficient…"). Probable cause that existed at the time of arrest is sufficient to preclude a malicious prosecution claim unless "the authorities became aware of exculpatory evidence between the time of the arrest and the subsequent prosecution." *Rizzo v. Edison, Inc.*, 172 F. App'x 391, 394 (2d Cir. 2006).

Suggestive conduct by police can render an identification "so defective that probable cause could not reasonably be based upon it." *Dufort v. City of New York*, 874 F.3d 338, 348 (2d Cir. 2017) (internal quotation omitted). Nevertheless, even where an identification is obtained through an unduly suggestive procedure, it may still support probable cause if it is sufficiently reliable. *Williams v. City of New York*, No. 10-CV-2676 (JG) (LB), 2012 WL 511533, at *6 (E.D.N.Y. Feb. 15, 2012) (holding that a suggestive line-up, in which the suspect stood out as much taller and healthier than the fillers, was nevertheless a sufficient basis for probable cause). For example, a "show-up" identification, where the witness is shown only one suspect, and which is inherently suggestive, can be used to support probable cause. *See Brisco v. Ercole*, 565 F.3d 80, 91 (2d Cir. 2009).

By the terms of Grace's own complaint, the unidentified individual twice identified him as her attacker. (Compl. ¶ 13.) Absent any reason to doubt the veracity of the witness, these identifications alone establish probable cause. Grace challenges these identifications by alleging that they were the result of being "led by police," and "suggestive questions," but he does not present any facts in support of these allegations. (*Id.*) These conclusory statements are not adequate to show that the identifications were unreliable. Even if the Court accepts Grace's allegations that the unidentified witness was "led," he has not provided an adequate factual basis for the conclusion that the identifications were so unreliable that they could not support probable cause. For example, Grace does not allege what leading questions the police asked the witness, or wat officer conduct may have tainted the identifications. Further, Grace points to no exculpatory evidence that police may have become aware of in the time period between his arrest and his being charged.

Because the identifications from the photographic array and at the line-up gave police probable cause, and Grace has not demonstrated that those identifications were unreliable, he has failed to state a claim for false arrest or malicious prosecution. Accordingly, these claims must be dismissed.

### b. Suggestive Procedures Claim

As to Grace's allegations of suggestive procedures, "a suggestive [identification] procedure 'does not in itself intrude upon a constitutionally protected interest.'" *Wray v. Johnson*, 202 F.3d 515, 524 (2d Cir. 2000) (quoting *Manson v. Brathwaite*, 432 U.S. 98, 113 n.13 (1977)). Accordingly, in order to allege a suggestive procedure that rises to a Fourteenth Amendment due process violation, Grace's "right to a fair trial [must have been] impaired by the admission of testimony regarding the unreliable identification." *Wray v. City of New York*, 490 F.3d 189, 193 (2d Cir. 2007). Because Grace does not allege that either the photograph array or the line-up were

5

admitted in a proceeding against him, this claim must be dismissed. Moreover, for the same reasons discussed above, Grace has not alleged any facts to suggest that the identifications were unreliable.

### c. Unlawful Search Claim

Grace's allegation that his right to be free from unreasonable searches was violated is not adequate to state an unlawful search claim. Grace does not plead any facts suggesting that he was ever searched, much less that any search was unlawful. Accordingly, this claim must be dismissed.

## II. City and NYPD Defendants

As an initial matter, the NYPD is a non-suable entity under the New York City Charter, which provides that suits must be brought against the City and not its individual agencies. *See* N.Y.C. Charter § 396; *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Accordingly, Grace's claims against the NYPD are dismissed.

A municipality can be liable under § 1983 only if a plaintiff demonstrates that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Cash v. County of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 132 S. Ct. 1741 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and internal quotation marks omitted)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality without proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

To establish liability against the City, Grace must demonstrate that a municipal policy or custom caused the alleged deprivation of his constitutional rights. Here, Grace has not stated any facts that suggest the alleged police misconduct was the result of a municipal policy, custom, or practice. Instead, he uses boilerplate language accusing the City of having "de facto policies,

practices, customs and usages which are a direct and proximate cause of the unconstitutional conduct alleged." (Compl. ¶ 18.) Similarly, he alleges that there were "de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers." (*Id.* ¶ 19.) Grace's allegation of an isolated instance of unconstitutional activity, in combination with these conclusory statements, is not sufficient to impose liability on the City. As such, claims against the City of New York are dismissed.

### III. Leave to Amend

Even liberally construed, the complaint fails to state a claim on which relief can be granted. However, in light of Grace's *pro se* status, and out of an abundance of caution, Grace is granted 30 days from the date of this Memorandum and Order to file an amended complaint. If Grace elects to file an amended complaint in accordance with this Order, he should include the specific factual basis for each of his allegations, including the dates and details of specific incidents, who was responsible for which actions, and detail what injuries he suffered, The new pleading must be captioned "Amended Complaint," and bear the same docket number as that found on this Memorandum and Order.

### CONCLUSION

For the reasons set forth herein, the defendants' motion to dismiss (Doc. No. 39) is granted. Grace is given 30 days from the date of this Memorandum and Order to file an Amended Complaint consistent with this Order. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days. If Grace fails to re-plead in a timely fashion, the Court will enter judgment dismissing the complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and *in forma pauperis* status is therefore denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff, and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      March 16, 2018

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge